J-S79007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC GALES, | |
| Appellant | No. 3167 EDA 2013 |

Appeal from the Judgment of Sentence entered September 27, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0005861-2007

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 19, 2014**

Eric Gales ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of second-degree murder and related offenses.[1]  We affirm.

The trial court summarized the pertinent facts as follows:

> On October 3, 2006, at approximately 9:20 pm, Gary Roemhild, Kevin Roemhild, Keith Pena, and the decedent Michael Thierry, were standing on the front steps of 1500 Rosalie Street, where Gary rented an apartment.  As [they] were conversing with each other, [Appellant] and his [three co-defendants,] all of whom were armed, approached them.

_____

[1] 18 Pa.C.S.A. § 2502(b).

*Retired Senior Judge assigned to the Superior Court.

Sensing that a robbery was about to occur, Gary attempted to run inside. He could not open the door before Isaiah Ransome who was holding a handgun, grabbed him and demanded that he empty his pockets. Keith Pena was standing on the steps next to Gary. He was robbed by Jerry Ransome, who brandished a .32 caliber revolver. Kevin Roemhild and Michael Thierry were at the bottom of the steps, near the pavement. Appellant pointed a .22 caliber rifle at Kevin Roemhild's head during the robbery. Sean Gordine confronted Michael Thierry.

Gary, Keith and Kevin each gave up their money, wallets and cell phones. Michael Theirry dropped his keys and cell phone to the ground and ran. At that point, all four defendants turned toward Thierry and started shooting. Thierry was shot in the head and groin and collapsed near the intersection of Rosalie and Horrocks Streets. As they fled, the defendants turned their weapons on the surviving victims and fired multiple gunshots at them.

Police arrived on the scene within a few minutes. There they found Thierry lying in the street. Thierry was taken to the hospital, where he died three days later.

Over the next several months, homicide detectives interviewed the victims and spoke with several witnesses. In February of 2007, they arrested [Appellant]. Appellant waived his Miranda rights and gave a signed confession to police.

At trial, the surviving victims and several bystanders who observed the robbery and subsequent shooting positively identified [Appellant] as one of the shooters. They described [Appellant] as being short and heavily built and also testified that he was the only assailant to have used a rifle. The Commonwealth also presented testimony from several police officers and the medical examiner, ballistic evidence linking the defendants to the crime, and a statement [Appellant] gave to police following his arrest.

The medical examiner testified that the decedent was shot once in the back of the head and once in the groin. The wound to the decedent's head was fatal and came from a .22 caliber bullet. Although the rifle used by [Appellant] was never recovered, police found a rifle case

- 2 -

in [Appellant's] home while executing a search warrant. Appellant also admitted to police that he had used a .22 caliber rifle during the robbery. He did not have a license to carry a firearm.

Trial Court Opinion, 2/11/14, at 2-4 (citations omitted).

The trial court summarized the pertinent procedural history as follows:

The defendants were jointly tried by jury before the Honorable Carolyn [Engel] Temin. On June 13, 2008, the jury returned a partial verdict finding all four defendants not guilty of first degree murder, but deadlocking on the remaining charges.

A second jury trial was set to commence in May of 2009. Prior to the start of trial, the Commonwealth asked Judge Temin to reconsider several evidentiary rulings she had made prior to [Appellant's] first trial. Specifically, the Commonwealth sought the introduction of cell phone records and writings made by one or more of the defendants that had been ruled inadmissible at the previous trial. Judge Temin denied the Commonwealth's Motion to Reconsider. The Commonwealth appealed Judge Temin's ruling to the Pennsylvania Superior Court, which vacated her Order. On March 3, 2011, defense counsel filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court. This Petition was denied on June 2, 2011. Appellant's case was then scheduled for retrial.

On December 14, 2012, at the conclusion of a second jury trial, the jury found [Appellant] guilty of second degree murder, four counts of robbery (F-1), three counts of aggravated assault (F-1), criminal conspiracy, possession of an instrument of crime and violating §§ 6106 and 6108 of the Uniform Firearms Act.

[Judge Temin retired prior to sentencing Appellant and the case was reassigned to the Honorable Benjamin Lerner, S.J.] On September 27, 2013, this court sentenced [Appellant] to a prison term of fifty (50) years to life on the second degree murder bill, and concurrent prison terms of ten (10) to twenty (20) years on each of the robbery and aggravated assault bills and three-and-

one-half (3½) to seven (7) years on the § 6106 bill. No further penalty was imposed on the remaining bills.

Appellant thereafter filed post-sentence motions, which were denied by this court on October 7, 2013. This timely appeal followed.

Trial Court Opinion, 2/11/14, at 1-2 (footnotes omitted). Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

> I. Is [Appellant] entitled to an arrest of judgment on the charge of Murder in the Second Degree where the evidence is insufficient to sustain the verdict?
>
> II. Is [Appellant] entitled to a new trial where the verdict is not supported by the greater weight of the evidence?
>
> III. Is [Appellant] entitled to a new trial as the result of court error when the court permitted a homicide detective to testify as to [Appellant's] prior contacts with the Juvenile System, and all where said testimony was grossly irrelevant, should have been precluded by Rule of Evidence 403?
>
> IV. Should [Appellant] be remanded to the Sentencing Court for a new sentencing hearing where the Sentencing Court abused its discretion in sentencing [Appellant] to a warehouse term which amounted to a life sentence?

Appellant's Brief at 3.

In his first two issues, Appellant argues that his conviction for second-degree murder is against the sufficiency and weight of the evidence. In his argument, Appellant conflates these two issues. *See* Appellant's Brief at 8-11. Our Supreme Court has summarized:

> [I]t is necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction

- 4 -

between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations and footnote omitted).

Given the above distinctions, we first address Appellant's sufficiency challenge. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 886 A.2d 689, 704 (Pa. Super. 2005), *appeal denied*, 897 A.2d 452 (Pa. 2006) (citations omitted).

"A criminal homicide constitutes murder of the second degree when it is committed while [the] defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). "Perpetration of a felony" is defined as: "The act of the defendant engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate

- 6 -

sexual intercourse by force or threat of force, arson, burglary or kidnapping." 18 Pa.C.S.A. § 2502(d).

In support of his sufficiency challenge, Appellant asserts that the victim's murder did not occur during the "perpetration of a felony," because "the evidence indicates that the shooting in this matter was separate and apart and not in furtherance of the felony in question." Appellant's Brief at 6. According to Appellant, "[i]n essence, the robbery had taken place and was completed." *Id.* at 9.

In rejecting Appellant's sufficiency challenge, the trial court explained:

> The decedent was shot and killed during the commission of a robbery. Moreover, ballistics evidence definitely proved that the fatal shot – a .22 caliber bullet to the back of the decedent's head – came from the gun that [A]ppellant used during the robbery. Appellant (and each of his accomplices) is guilty of second degree murder.

Trial Court Opinion, 2/11/14, at 8-9. Our review of the record amply supports the trial court's conclusion that the decedent was shot during the commission of the robbery detailed *supra*. We categorically reject as unsupported by the record Appellant's claim that "[the decedent] was killed in a burst of anger as he had the audacity to remove himself from the scene and perhaps, without coming across with too many valuables." Appellant's Brief at 9. Appellant's argument is impertinent.

As detailed by the trial court, the evidence presented by the Commonwealth overwhelmingly established that Appellant shot the decedent during the commission of the robbery. Moreover, even if, as Appellant

suggests, the robbery had ended and the decedent was shot shortly thereafter, his sufficiency challenge still fails. *See*, *e.g.*, *Commonwealth v. Knox*, 50 A.3d 749, 757 (Pa. Super. 2012) (holding evidence was sufficient to support juvenile defendant's second-degree murder conviction when co-conspirator fatally shot the victim as the victim fled from the robbery). Thus, Appellant's first issue is without merit.

Appellant next challenges the weight of the evidence supporting his convictions. "[A]ppellate review of a weight of the evidence claim normally involves examining the trial court's exercise of discretion in its review of the fact-finder's determinations[.]" *Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (citation omitted). This Court has summarized:

> The determination of the weight of the evidence exclusively is within the province of the fact-finder, who may believe all, part, or none of the evidence. A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Ross*, 856 A.2d at 99 (citations omitted).

The trial court found no merit to Appellant's weight claim. *See* Trial Court Opinion, 2/11/14, at 4-9. We agree. In arguing to the contrary, Appellant improperly repeats his sufficiency challenge: "Rather, the greater weight of the evidence supports the finding that there was indeed a robbery and a shooting, but that the shooting did not happen necessarily in the

course of the robbery." Appellant's Brief at 6. As noted above, a proper challenge to the weight of the evidence concedes its sufficiency. **Widmer**, **supra**. In finding Appellant guilty, the jury clearly believed the Commonwealth's evidence offered to establish Appellant's guilt of second-degree murder. Because the evidence presented was not "tenuous, vague and uncertain," the trial court did not abuse its discretion in denying Appellant's post-sentence motion for a new trial. **Ross**, 856 A.2d at 99. Thus, Appellant's argument in support of his weight claim is inapt, and does not merit relief.

In his two remaining claims, Appellant challenges an evidentiary ruling by the trial court, and the discretionary aspects of his sentence. Appellant did not raise these claims in his Pa.R.A.P 1925(b) statement. Thus, because the trial court did not address the merits of the claims, and the issues are being raised for the first time on appeal, they are waived. **See generally**, Pa.R.A.P. 302(a); **Commonwealth v. Rolan**, 964 A.2d 398 (Pa. Super. 2008).

In sum, because Appellant's issues are either meritless or not preserved for appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014